### Jacob K. Parish *v.* Tappan Pearsons.

*Authentication and sufficiency of record.*

A copy of the record of a judgment of a county court is not sufficiently authenticated by the mere certificate of the clerk that it is a true copy of record.

It should appear from the record of a judgment, in what court, county and state, the judgment was rendered.

Ejectment. The plaintiff claimed title to the premises, by virtue of the levy of an execution issued upon a judgment recovered in his favor against the defendant, in the county court, for the county of Orange. To prove such judgment, he offered, in evidence, a copy of the record of it, which was in the following words, viz.

"Old entries,—January Term, 1852.

" Jacob K. Parish *v.* Tappan Pearsons.

"Be. it remembered, that at the term of this court, begun and "holden on the first Tuesday in January, A. D. 1851, Jacob K. "Parish, of Randolph, in the county of Orange, commenced his "action against Tappan Pearsons, of Irasburgh, in the county of "Orleans, declaring in a plea of the case," &c.; (setting forth the cause of action and the proceedings in the suit, and concluding as follows;) "whereupon it is considered by the court here, that the "plaintiff recover of the defendant the sum of sixteen hundred and "fifteen dollars and one cent damages, and his cost, taxed at forty-"eight dollars and thirty-four cents, whereof he may have execu-"tion. Execution issued February 12, 1852.

"A true record. (Attest,) S. M. Flint, Clerk.

"I certify the above to be a true copy of record.

(Attest,) "S. M. Flint, Clerk.

"Orange County Clerk's Office, *Chelsea, Vt.,* February 15, 1852;"

to the admission of which, the defendant objected, but the county court, June Term, 1854,—PECK, J., presiding,—overruled the objection and admitted it, to which the defendant excepted.

*Cooper & Bartlett* for the defendant.

————— ————— for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J. The important question in this case is, in regard to the evidence of the judgment. A record may be proved by an exemplification, or certified copy, under the seal of the court, by the officer having the custody of the same, or by a sworn copy. This is n.;ither. And although copies certified in the manner this is, have no doubt often been received in evidence, in this state, to establish the existence of records, in our own courts, we do not know precisely how this can be justified, upon the rules of evidence established in the English courts of common law. There, even a bill of exceptions, and the records attached, going from an inferior court to a superior court of error, must not only be sealed with the seal of the court, but the judge, formerly, and perhaps even now, is required to appear in person and verify the seal. No exemplification of a record, in any of the courts of Westminster Hall, is received in any other court in the realm, unless verified by the seal of the court. We think the copy defectively authenticated, and it seems, also, to be defective in substance.

Unless we regard the designation of the office of the clerk, as helping out the substance of the record, it does not appear in what state or county the record is found.

And it nowhere appears in what court the judgment was rende-el, for the clerk of the county is clerk of both the county and supreme court. And we think we are not bound to resort to inference, from the mode of trial, to conjecture in what court the record is probably remaining. It should appear in the the copy of the record.

We think it more creditable, and of better example, to require the exemplification of the records, from superior courts, to be in some reasonable approximation towards certainty and form, than to expend ingenuity to supply such omissions, by intendment.

The judgment is reversed, and the case remanded.